# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KEN ROBERTS,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:10-CV-00255-PMP-(PAL)

**ORDER**

Plaintiff commenced this action in state court. Defendants have removed the action to this court.[1] The court has reviewed plaintiff's complaint, and plaintiff will need to file an amended complaint.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim

---

[1] By removing this action, defendants State of Nevada and Nevada Department of Corrections have waived their immunity pursuant to the Eleventh Amendment. Embury v. King, 361 F.3d 562 (9th Cir. 2004).

upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff is a prisoner at the Southern Desert Correctional Center. He alleges that in August 2009 his ankles began to hurt, to swell, and to lose the ability to move; the walk up and down slopes between his cell and the dining facility caused further swelling. Plaintiff further alleges that he described these problems to defendants Sanchez and Aranas, both doctors at the prison. Defendant Sanchez prescribed an X-ray of plaintiff's ankle, pain medication, an ankle brace, and, at the discretion of prison administrators, transfer of plaintiff to a prison with a flatter yard. Plaintiff alleges that the unit officer and the case worker would not move him to a different prison. He does not allege whether defendant Sanchez's other prescriptions were carried out, but attachments to the complaint indicate that plaintiff is receiving some sort of treatment.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting Gamble, 429 U.S. 104), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Deliberate indifference is subjective. The prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 838 (1994). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." McGuckin, 974 F.2d at 1060. However, a difference of opinion over the appropriate course of treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

1    Plaintiff's allegations do not establish liability for the State of Nevada, the Nevada
2 Department of Corrections, and the other defendants in their official capacities.  While
3 individual-capacity actions seek to impose personal liability upon a government official for actions
4 performed under color of state law, official-capacity actions generally represent another way of
5 suing "an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1984)
6 (quoting Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 n.55
7 (1978)).  To succeed with claims against a government, plaintiff must prove that any constitutional
8 violations that he suffered occurred as a result of an official policy or custom, Monell, 436 U.S. at
9 690, or through a failure to train employees adequately, City of Canton v. Harris, 489 U.S. 378,
10 388-91 (1989).  Plaintiff's allegations do not support the conclusion that what happened resulted
11 from such official action of the State of Nevada.

12    Plaintiff has not alleged how defendant Sanchez, in his individual capacity, is
13 deliberately indifferent to plaintiff's medical needs.  Plaintiff alleges that defendant Sanchez
14 prescribed a course of tests and treatment, and it appears from exhibits attached to the complaint
15 that plaintiff is receiving some sort of treatment.  He complains that defendant Sanchez has deferred
16 to administrators the decision to transfer plaintiff to another prison—the Northern Nevada
17 Correctional Center in Carson City, according to the notes attached to the complaint.  Deliberate
18 indifference requires that a defendant actually be able to do something about a serious risk to
19 inmate health, and nothing in the complaint indicates that a doctor may order prison administrators
20 to transfer an inmate to another prison.  Unless plaintiff can allege that the treatment that defendant
21 Sanchez prescribed is inadequate, and that defendant Sanchez could have transferred plaintiff to
22 another prison on his own authority, plaintiff has not established that defendant Sanchez is
23 deliberately indifferent.

24    Plaintiff has not stated an individual-capacity claim against defendant Aranas.  In the
25 section for describing the nature of the case, plaintiff has alleged that he spoke to defendant Aranas.
26 However, defendant Aranas appears nowhere else in plaintiff's allegations.  Plaintiff needs to allege
27 what defendant Aranas did, or how defendant Aranas was deliberately indifferent to plaintiff's
28 medical condition.

1    Plaintiff has also not stated individual-capacity claims against defendants Bannister
2 and Skolnik. They occupy supervisory positions: Defendant Bannister is the medical director of
3 the Nevada Department of Corrections, and defendant Skolnik is the director of the Nevada
4 Department of Corrections. A supervisor cannot be held liable in his individual capacity merely
5 because he is a supervisor. Monell v. Department of Social Services of City of New York, 436 U.S.
6 658, 694 & n.58 (1978). "A supervisor may be liable if there exists either (1) his or her personal
7 involvement in the constitutional deprivation, or (2) a sufficient causal connection between the
8 supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642,
9 646 (9th Cir. 1989). These defendants' names appear only in the caption and jurisdiction section of
10 the complaint. Plaintiff needs to allege how these defendants were personally involved.

11    In addition to correcting the defects noted above, plaintiff will need to re-allege all of
12 his causes of action in the amended complaint, or they will be waived. King v. Atiyeh, 814 F.2d
13 565, 567 (9th Cir. 1987).

14    Defendants have filed a motion for enlargement of time (first request) (#4) for filing
15 a response to the complaint. The court grants this request.

16    IT IS THEREFORE ORDERED that the complaint is **DISMISSED** for failure to
17 state a claim upon which relief can be granted, with leave to amend. The clerk shall send to
18 plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the
19 date that this order is entered to submit his amended complaint, if he believes that he can correct the
20 noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

21    IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint
22 as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to
23 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:10-CV-
24 00255-PMP-(PAL), above the word "AMENDED."
25 ///
26 ///
27 ///
28 ///

1  ///
2  ///
3           IT IS FURTHER ORDERED that defendants' motion for enlargement of time (first
4  request) (#4) is **GRANTED**.  Defendants need not file a response to the complaint until directed by
5  the court.
6           DATED:  July 7, 2010.

                                     PHILIP M. PRO
                                     United States District Judge