# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEN ROBERTS,

    Plaintiff,

vs.

STATE OF NEVADA, et al.,

    Defendants.

Case No. 2:10-CV-00255-PMP-(PAL)

**ORDER**

    Plaintiff has submitted an amended complaint. The court has reviewed it. The court will dismiss three defendants, and the court will ask the Attorney General of the State of Nevada whether she can accept service of process for the defendants that have not yet been served.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

This action came to this court because some of the defendants, including the State of Nevada and the Nevada Department of Corrections, removed it from state court.  The court directed plaintiff to file an amended complaint because the original complaint contained some defects.  Plaintiff has corrected these defects.  However, in the amended complaint (#9), despite invoking the court's jurisdiction to consider state-law claims pursuant to 28 U.S.C. § 1367, plaintiff's actual claims are all violations of the federal constitution pursuant to 42 U.S.C. § 1983.  Section 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . (emphasis added)

The State of Nevada and any governmental entity that is considered an "arm of the State," meaning the Nevada Department of Corrections, are not "persons" within section 1983's meaning of the term.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 70 (1989); Doe v. Lawrence Livermore Nat. Laboratory, 131 F.3d 836 (9th Cir. 1997).  The court will dismiss the State of Nevada and the Nevada Department of Corrections.  The court also will dismiss defendant Skolnik because plaintiff did not name him as a defendant in the amended complaint (#9).  The court will not dismiss the other defendants named in their official capacities.  An official-capacity claim is another way of suing the agency that employs the person; in this case, that would be the Nevada Department of Corrections, an arm of the State of Nevada.  Kentucky v. Graham, 473 U.S. 159, 165 (1984).  However, plaintiff is seeking injunctive relief, which is a permissible official-capacity claim.  See Ex Parte Young, 209 U.S. 123 (1908).

Also before the court are plaintiff's motion for appointment of United States Marshal to serve process (#11) and a request for submission (#10), which also has been docketed as a motion. Defendants State of Nevada, Nevada Department of Corrections, Skolnik, Bannister, Sanchez, and Aranas have been served with process.  The court is dismissing the first three

1 defendants for the reasons stated above.  Defendants Burson, Dressler, Hain, and Hill have not been
2 served with process.  The court will ask the Attorney General of the State of Nevada whether she
3 will accept service of process on behalf of those defendants.  If she will, then there will be no need
4 for formal service of process.  The court will deny plaintiff's motions (#10, #11), and he may file
5 new motions if the Attorney General is unable to accept service of process.

6       IT IS THEREFORE ORDERED that defendants State of Nevada, Nevada
7 Department of Corrections, and Howard Skolnik are **DISMISSED** from this action.

8       IT IS FURTHER ORDERED that the Attorney General shall advise the court within
9 twenty (20) days from the date that this order is entered whether service of process for defendants
10 Burson, Dressler, Hain, and Hill is accepted.  Within thirty (30) days of the date of the notice of
11 acceptance of service or the notice of non-acceptance of service, the Attorney General shall file and
12 serve an answer or other response to the amended complaint (#9) on behalf of the defendants who
13 have been served.  If service cannot be accepted for any of the named defendants, then plaintiff will
14 need to file a motion identifying the unserved defendant(s), requesting the issuance of a summons,
15 and specifying a full name and address for said defendant(s).

16       IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants
17 or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading,
18 motion or other document submitted for consideration by the court.  Plaintiff shall include with the
19 original paper submitted for filing a certificate stating the date that a true and correct copy of the
20 document was mailed to the defendants or counsel for the defendants.  The court may disregard any
21 paper received by a district judge or magistrate judge which has not been filed with the clerk, and
22 any paper received by a district judge, magistrate judge or the clerk which fails to include a
23 certificate of service.

24 ///
25 ///
26 ///
27 ///
28 ///

1   IT IS FURTHER ORDERED that plaintiff's motion for appointment of United
2   States Marshal to serve process (#11) and a request for submission (#10), which also has been
3   docketed as a motion, are **DENIED**.
4   DATED:  September 2, 2010.

_____
PHILIP M. PRO
United States District Judge